## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| TTNA, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| DFW VENDING, INC., and | § | |
| Buddy Robinson | § | |
| | § | |
| *Defendants.* | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff TTNA, INC. ("TTNA"), by and through its attorneys, Carstens & Cahoon, LLP, and files this Original Complaint against Defendants DFW VENDING, INC., d/b/a Baby Dolls ("DFW VENDING") and Buddy Robinson ("Robinson"), and alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff TTNA, Inc. brings this action against Defendants DFW VENDING, INC., d/b/a Baby Dolls, and Buddy Robinson for trademark infringement and false advertising under Title 15 of the United States Code (the "Lanham Act"), and common law trademark infringement and unfair competition.  TTNA owns the federally registered service mark "BABY DOLLS" (Registration Nos. 2,735,788 and 2,545,950), the federally registered service mark "BABY DOLLS SALOON" (Registration Nos. 2,735,787 and 2,545,949), and the federally registered service mark "BABY DOLLS TOPLESS SALOON" (Registration Nos. 2,735,786

and 2,548,951).   The marks "BABY DOLLS," "BABY DOLLS SALOON," and "BABY DOLLS TOPLESS SALOON" are hereinafter collectively referred to as the "BABY DOLLS MARKS."  Copies of these trademark registrations for each of the BABY DOLLS MARKS are attached as Exhibit A.  The BABY DOLLS MARKS have been the subject of substantial and widespread promotion for many years and are widely identified as distinguishing the night club and entertainment services that TTNA offers to the public.  Defendants began using signage at the commercial establishment in Paris, Texas, which displays the service mark and trade name, "Baby Dolls," which activity infringes TTNA's trademark rights and constitutes false advertising and unfair competition.  TTNA seeks injunctive relief against Defendants and further relief as described below.

## THE PARTIES

2.      TTNA is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business located at 10723 Composite Drive, Dallas, Texas 75354.

3.      Upon information and belief, Defendant DFW VENDING is a Texas Corporation, with its principal place of business at 7376 FM 2204, Kilgore, Texas 75662.  DFW VENDING's business establishment, "Baby Dolls," is located at Highway 271 and Airport Road, Paris, Texas 75462.  The registered agent for service of process is Mr. Buddy Robinson at the following address: 7376 FM 2204, Kilgore, Texas 75662.

4.     Upon information and belief, Defendant Buddy Robinson is the Director, President, and owner of DFW VENDING.  Robinson may be served at the following address: 7376 FM 2204, Kilgore, Texas 75662.

5.     TTNA is further informed and believes, and based thereon alleges, that Robinson has been or was the agent, servant, employee and/or owner of DFW VENDING, and in doing the acts hereinafter alleged, is, has been, or was acting in the course and scope of such agency, servitude, employment, or ownership.

6.     Defendants may be served in accordance with Rules 4(e) and (h) of the Federal Rules of Civil Procedure and Rule 106 of the Texas Rules of Civil Procedure at the above listed addresses.


## JURISDICTION AND VENUE

7.     TTNA's Lanham Act claims for trademark infringement and false advertising arise under federal law, specifically, 15 U.S.C. §§ 1114 and 1125, and this Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.  This Court further has pendant jurisdiction over the state law claims asserted herein because those claims arise in the same common nucleus of operative facts as the federal Lanham Act claims.

8.     Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §1391(b) and (c), in that the Eastern District of Texas is the judicial district wherein the Defendants regularly conduct business and is the judicial district in which a substantial portion of Defendants' unlawful acts of unfair competition and trademark infringement occurred and will continue to occur.

## FACTS

9.      TTNA and its predecessors in interest have been providing night club and entertainment services since at least as early as September 22, 1988, using the BABY DOLLS MARKS.

10.     TTNA owns two federal service mark registrations for the mark "BABY DOLLS" (Registration Nos. 2,735,788 and 2,545,950), two federal service mark registrations for the mark "BABY DOLLS SALOON" (Registration Nos. 2,735,787 and 2,545,949), and two federal service mark registrations for the mark "BABY DOLLS TOPLESS SALOON" (Registration Nos. 2,735,786 and 2,548,951).   The following summarizes TTNA's federal service mark registrations:

      a.      Registration No. 2,545,950 for "BABY DOLLS;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980;  registered on the Principal Register on March 12, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012;

      b.      Registration No. 2,735,788 for "BABY DOLLS;" Class 41: Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980;  registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013;

      c.      Registration No. 2,545,949 for "BABY DOLLS SALOON;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980;  registered

on the Principal Register on March 12, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012;

d.      Registration No. 2,735,787 for "BABY DOLLS SALOON;" Class 41: Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980;  registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013;

e.      Registration No. 2,548,951 for "BABY DOLLS TOPLESS SALOON;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980; registered on the Principal Register on March 19, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012; and

f.      Registration No. 2,735,786 for "BABY DOLLS TOPLESS SALOON;" Class 41: Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980;  registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013.

11.     Effective July 1, 2010, the BABY DOLLS MARKS and the associated federal trademark registrations, originally registered by D. Burch, Inc., were assigned to TTNA.  Copies of the recorded trademark assignments are attached as Exhibit B.

12.     Each of the BABY DOLLS MARKS have become incontestable pursuant to 15 U.S.C. § 1065.  The registrations of the BABY DOLLS MARKS constitute *prima facie* evidence of validity and conclusive evidence of TTNA's exclusive right to use the BABY DOLLS MARKS in connection with the services identified by the respective trademark registrations.

The registrations of the BABY DOLLS MARKS also provide notice to Defendants of TTNA's ownership and exclusive rights in the BABY DOLLS MARKS.

13.     The BABY DOLLS MARKS have been the subject of substantial and widespread promotion for over thirty-three (33) years and are widely identified as distinguishing the high quality night club and entertainment services that TTNA currently offers to the public through its establishments, Baby Dolls Saloon located at 10250 Shady Trail, Dallas, TX 75220, and Baby Dolls located at 3601 HWY 157, Fort Worth, TX 76040.

14.     TTNA's establishment in Dallas, Baby Dolls Saloon, was named by the "Dallas Observer" as the "BEST STRIP CLUB DALLAS – 2013."

15.     Defendants DFW VENDING and Robinson are engaged in the identical services as TTNA – night club and entertainment services – in the Eastern District of Texas through its establishment at Highway 271 and Airport Road, Paris, TX.  Photographs of Defendants' establishment are attached as Exhibit C.

16.     TTNA has not endorsed or otherwise approved of DFW VENDING'S and Robinson's use of any of the BABY DOLLS MARKS, including the mark "BABY DOLLS."

17.     DFW VENDING'S and Robinson's use of service marks on signage and in advertising that are either identical to or substantially similar to the BABY DOLLS MARKS owned by TTNA creates an impression in the consumer's mind that DFW VENDING is affiliated with TTNA.

18.     Consumers are likely to be confused regarding whether the services provided by DFW VENDING and Robinson are endorsed, sponsored, or approved by TTNA, or affiliated with the services provided by TTNA.

19.     TTNA had legitimate concerns that Defendants' advertisement and use of the BABY DOLLS MARKS, in particular the mark "BABY DOLLS" on signage and in advertisements, would cause confusion among the consuming public.  As a result, TTNA, through its counsel, sent correspondence to Defendants on or about February 24, 2014, expressing its concerns and demanding that Defendants cease and desist use of the mark "BABY DOLLS."  A copy of that correspondence is attached hereto as Exhibit D.

20.     By advertising and marketing its identical services using the mark "BABY DOLLS," which is identical to a service mark that is federally registered and used by TTNA for its services ("BABY DOLLS") and substantially similar to two other service marks that are federally registered and used by TTNA for its services ("BABY DOLLS SALOON" and "BABY DOLLS TOPLESS SALOON"), Defendants are attempting to trade on the business success and goodwill of TTNA and its BABY DOLLS MARKS.

21.     By marketing identical services using the mark "BABY DOLLS," which is identical to a service mark that is federally registered and used by TTNA for its services ("BABY DOLLS") and substantially similar to two other service marks that are federally registered and used by TTNA for its services ("BABY DOLLS SALOON" and "BABY DOLLS TOPLESS SALOON"), Defendants are attempting to create an association or affiliation between their services and those of TTNA.

22.     Upon information and belief, Defendants commenced using the mark "BABY DOLLS" and are still willfully and deliberately using this mark with the bad faith intent to profit from TTNA's BABY DOLLS MARKS, and to create an association between the services of TTNA and the services of Defendants in the minds of consumers.

23.     As a result of Defendants' use of the identical service mark and trade name as TTNA's federally registered service mark "BABY DOLLS," TTNA has suffered great and irreparable injury.

24.     TTNA is informed and believes, and based thereon alleges, that Defendants will continue to use the identical mark and trade name, "BABY DOLLS," in connection with directly competing and identical services, and, as a result, TTNA will continue to suffer great and irreparable injury, unless Defendants are enjoined from doing so.

<u>**Count One**</u>

<u>**Lanham Act §32 Trademark Infringement**</u>

25.     TTNA repeats and re-alleges the allegations set forth in paragraph 1 through 24 above as if fully set forth herein.

26.     TTNA is informed and believes, and based thereon, alleges that Defendants have willfully infringed TTNA's federally registered service marks for "BABY DOLLS" and the other BABY DOLLS MARKS by Defendants' using in interstate commerce the confusingly similar and deceptive trade name, "BABY DOLLS," for directly competing services, with Defendants' actual knowledge of TTNA's prior, extensive, and continuous use of its service marks (the BABY DOLLS MARKS) but without the consent of TTNA, in connection with Defendants' commercial establishments, which is likely to cause confusion in and deceive the consuming public as to the affiliation, connection, or association of Defendants with TTNA.

27.     Moreover, TTNA has expended great effort and significant amounts of money in protecting, advertising, promoting, and developing the recognition of the BABY DOLLS

MARKS, with the result being that, long before the acts of Defendants complained of herein, the public had come to recognize such service mark as a reference to the superior services offered by TTNA.   Such public recognition constitutes goodwill of immense value which belongs exclusively to TTNA.

28.   TTNA's BABY DOLLS MARKS, besides being inherently enforceable and distinctive, have acquired recognition within the United States as signifying nightclub and entertainment services offered by a specific source, such recognition having been acquired long prior to the conduct of Defendants' complained of herein.

29.   Defendants have willfully and intentionally infringed TTNA's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a), by various acts, including advertising and displaying the confusingly similar and deceptive trade name, "BABY DOLLS." Defendants' actions are without the permission or authority of TTNA, and are likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection, or association between TTNA and Defendants.

30.   Defendants' above alleged infringement is malicious and oppressive, and Defendants have willfully and deliberately committed such malicious and oppressive conduct. As a result, TTNA has suffered great and irreparable harm and is therefore entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendants.

31.   Defendants will continue to conduct the willful acts of trademark infringement, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

## Count Two

### Lanham Act §32 False Advertising

32.     TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

33.     Through the actions alleged herein, TTNA is informed and believes, and based thereon, alleges that Defendants have willfully and intentionally violated §32(1)(b) of the Lanham Act, 15 U.S.C. §1114(1)(b), by copying or colorably imitating the federally registered BABY DOLLS MARKS through the use in commercial advertising or promotions of the same or confusingly similar trade name, "BABY DOLLS."   Defendants' actions are without the permission or authority of TTNA, and are likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection, or association between TTNA and Defendants.

34.     Defendants are and have been falsely and misleadingly representing to the relevant consuming public, including TTNA's customers and potential customers, by way of commercial advertising and otherwise, that the Defendants' commercial establishments are associated with the mark "BABY DOLLS" and the other BABY DOLLS MARKS when, in fact, they are not.

35.     Defendants' false and misleading descriptions and representations of facts regarding the use of the confusingly similar and deceptive trade name, "BABY DOLLS," is likely to influence the consuming public with regard to nightclub and entertainment services.

36.     Defendants' above alleged conduct of unfair competition is malicious and oppressive, and Defendants have willfully and deliberately committed such malicious and oppressive conduct.  As a result, TTNA has suffered great and irreparable harm and is therefore

entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendants.

37.     Defendants will continue to commit the above alleged willful acts of false advertising, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

## Count Three

## Lanham Act §43 False Designation of Origin

38.     TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

39.     TTNA is informed and believes, and based thereon, alleges that Defendants have willfully infringed TTNA's federally registered service marks for "BABY DOLLS" and the other BABY DOLLS MARKS by using in interstate commerce the confusingly similar and deceptively misleading trade name "BABY DOLLS" for directly competing services, with Defendants' actual knowledge of TTNA's prior, extensive, and continuous use of its federally registered service marks, but without the consent of TTNA, which is likely to cause confusion in the consuming public as to the affiliation, connection, or association of Defendants with TTNA.

40.     Moreover, TTNA has expended great effort and significant amounts of money in protecting, advertising, promoting, and developing the recognition of the BABY DOLLS MARKS, with the result being that, long before the acts of Defendants complained of herein, the public had come to recognize such service mark as a reference to the superior services offered by TTNA.   Such public recognition constitutes goodwill of immense value which belongs

exclusively to TTNA.

41.     Each of TTNA's BABY DOLLS MARKS, besides being inherently enforceable and distinctive, has acquired recognition within the United States as signifying nightclub and entertainment services offered by a specific source, such recognition having been acquired long prior to the conduct of Defendants' complained of herein.

42.     Defendants have willfully and intentionally infringed TTNA's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), by various acts, including advertising and displaying its confusingly similar and deceptively misleading trade name, "BABY DOLLS."   TTNA has been damaged by Defendants' actions.  Defendants' actions are without the permission or authority of TTNA, and are likely to cause confusion or mistake as to the origin of Defendants' services and to deceive consumers as to an affiliation, connection, or association between TTNA and Defendants.

43.     Defendants' actions have created a likelihood of confusion among consumers who will falsely believe that Defendants' services are sponsored and/or endorsed by TTNA, when, in fact, they are not.

44.     Defendants' above alleged infringement is malicious and oppressive, and Defendants have willfully and deliberately committed such malicious and oppressive conduct. As a result, TTNA has suffered great and irreparable harm and are therefore entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendants.

45.     Defendants will continue to conduct the alleged willful acts of trademark infringement, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

46.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be preliminarily and, upon hearing, permanently enjoined from using each of TTNA's BABY DOLLS MARKS or any confusing similar variations thereof, alone or in combination with other words, as a trademark, or otherwise, to market, advertise, or identify Defendants' services.

47.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), TTNA is entitled to recover from Defendants:   (i) Defendants' profits, (ii) the damages sustained by TTNA, and (iii) the costs of this action.   Due to the knowing, intentional, and purposeful nature of Defendants' conduct, TTNA seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, TTNA seeks its reasonable attorneys' fees.

## Count Four

## Lanham Act §43 False Description in Advertising

48.     TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

49.     Through the actions alleged herein, TTNA is informed and believes, and based thereon, alleges that Defendants have willfully and intentionally violated §43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), by using in commercial advertising or promotions the confusingly similar and deceptively misleading trade name, "BABY DOLLS," to misrepresent the nature, characteristics, and qualities of its services or commercial activities.

50.     Defendants are and have been falsely and misleadingly representing to the relevant consuming public, including TTNA's customers and potential customers, by way of

commercial advertising and otherwise, that the Defendants' commercial establishment is associated with the mark "BABY DOLLS" and the other BABY DOLLS MARKS when, in fact, they are not.

51.     Defendants' false and misleading descriptions and representations of facts regarding the use of the confusingly similar and deceptive trade name, "BABY DOLLS," is likely to influence the consuming public with regard to the use of night club and entertainment services.

52.     Defendants' above alleged conduct of unfair competition is malicious and oppressive, and Defendants have willfully and deliberately committed such malicious and oppressive conduct.  As a result, TTNA has suffered great and irreparable harm and is therefore entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendants.

53.     Defendants will continue to commit the above alleged willful acts of false advertising, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

## Count Five

## Common Law Trademark Infringement and Unfair Competition

54.     TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

55.     This Count arises under the common law trademark and unfair competition of the State of Texas.

56.     By virtue of having used and continuing to use its federally registered mark "BABY DOLLS" and the other BABY DOLLS MARKS, TTNA has acquired common law rights in the mark.  TTNA is informed and believes that TTNA is the senior user of this mark.

57.     TTNA has developed and marketed its services in association with the mark "BABY DOLLS" and the other BABY DOLLS MARKS through extensive efforts involving time, labor, skill, and money.

58.     Defendants' use of the same mark as TTNA's mark infringes upon TTNA's common law rights in its mark.

59.     Defendants have acted to compete unfairly by misappropriating TTNA's work product and by trading on TTNA's competitive advantage.   Defendants have engaged in commerce in the State of Texas and this judicial district by marketing, offering to sell, and selling their identical, competing services.   Defendants have competed unfairly in violation of Texas law by misrepresenting or leading the public to believe that its services are sponsored by, approved by, affiliated with, associated with, or originated by TTNA.

60.     Defendants have used the confusingly similar and deceptive trade name, "BABY DOLLS," in competition with TTNA, thereby gaining an unfair advantage, because Defendants bore little or no burden of the expense of any development of the recognition or goodwill associated with TTNA's mark "BABY DOLLS" and the other BABY DOLLS MARKS.

61.     TTNA's adoption and use in commerce of the mark "BABY DOLLS" and the other BABY DOLLS MARKS has given rise to common law rights in each of the BABY DOLLS MARKS.  Defendants' use of the confusingly similar and deceptive trade name, "BABY DOLLS" infringes TTNA's common law trademark rights in its BABY DOLLS MARKS.

62.     Defendants' aforesaid activities constitute unfair competition with TTNA and an infringement of TTNA's common law trademark rights in the mark "BABY DOLLS" and each of the other BABY DOLLS MARKS.  Such unfair competition and infringement have caused and, unless enjoined, will continue to cause TTNA to suffer irreparable harm.

63.     By reason of Defendants' acts in violation of laws of the State of Texas as alleged above, TTNA has suffered and will continue to suffer substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profit in an amount not yet ascertained, for which TTNA has no adequate remedy at law.

## Count Six

## Unjust Enrichment Under Texas Law

64.     TTNA incorporates the allegations in the preceding paragraphs as though set forth fully herein.

65.     As set forth above, Defendants have used TTNA's identical mark "BABY DOLLS" and goodwill as an integral part in the Defendants' provision and sales of identical services.  Defendants are therefore unjustly enriched to TTNA's detriment.  As a result, TTNA is entitled to recover its actual damages caused by Defendants' unjust enrichment.

## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

66.     TTNA incorporates the allegations in the preceding paragraphs as though set forth fully herein.

67.     On information and belief, Defendants, unless enjoined, will continue to (a) misrepresent to or mislead the public into believing that its services are sponsored by, approved

by, affiliated with, associated with, or originated by TTNA and (b) infringe TTNA's BABY DOLLS MARKS by using the same marks or confusingly similar variations thereof to identify Defendants' competing services.  All of these acts violate the Lanham Act and Texas law.

68.     These actions entitle TTNA to a preliminary and, upon hearing, permanent injunction enjoining Defendant DFW VENDING and its officers, agents, servants, employees, and attorneys, Defendant Robinson, and all those persons in active concert or participation with the Defendants from:

a.      Representing that Defendants' services are in any way sponsored by, approved by, affiliated with, associated with, or originated by TTNA;

b.      Using variants confusingly similar and/or identical to any of TTNA's BABY DOLLS MARKS, including without limitation the mark "BABY DOLLS," or any confusingly similar variation thereof or any of the BABY DOLLS MARKS, alone  or in combination with other words, as a trademark, service mark, or otherwise, to market, advertise, or identify Defendants' services or for any other purpose;

c.      Representing themselves, or any of their officers, agents, servants, employees, and/or all other persons acting in concert with them, as representatives of TTNA;

d.      Representing to third parties that their activities, or the activities of their officers, agents, servants, employees, and/or all other persons acting in concert with them, are affiliated with, or endorsed by TTNA; and

e.      Otherwise competing unfairly with TTNA or injuring its business reputation in any manner.

69.      For these actions, there is no adequate remedy at law.   Further, TTNA is substantially likely to prevail on the merits of these claims.   The injury to TTNA greatly outweighs any injury to Defendants that the requested injunction may cause.   The balance of hardships tips strongly in favor of TTNA.   Finally, the injunction will not disserve the public interest.   Therefore, TTNA is entitled to the above preliminary and permanent injunctive relief against Defendants.

## JURY DEMAND

70.      Plaintiff TTNA hereby demands a jury trial.

## PRAYER

WHEREFORE, TTNA, Inc. (TTNA) respectfully requests the following:

1.      That this Court, pursuant to its authority under 15 U.S.C. §1116, issue a preliminary and permanent injunction enjoining Defendant DFW VENDING and its officers, agents, servants, employees, and attorneys, Defendant Robinson, and all those persons in active concert or participation with Defendants from the acts described in paragraph 68 of this Complaint;

2.      That this Court order Defendants to provide an accounting of all sales, revenues, and profits related to Defendants' services that infringe TTNA's marks and that were falsely designated as being sponsored by, approved by, affiliated with, or associated with TTNA;

3.      That this Court, in accordance with 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, advertisements, and all other materials (a) in the Defendants' possession or control and (b) bearing the "BABY DOLLS" mark, any of the BABY DOLLS MARKS, or any confusingly similar mark, be delivered up and destroyed;

5.      That this Court, in accordance with the Lanham Act, award TTNA all of Defendants' profits from the aforesaid acts of unjust enrichment, trademark infringement, and unfair competition;

6.      That this Court award to TTNA the maximum damages allowable under the Lanham Act, 15 U.S.C. §1051 et seq., including but not limited to treble damages;

7.      That this Court, in accordance with the Lanham Act, find this case to be exceptional in TTNA's favor and award TTNA its reasonable attorney's fees, costs, and expenses of this action;

8.      That this Court, in accordance with Texas law, award TTNA its actual and exemplary damages;

9.      That this Court, award TTNA pre-judgment and post-judgment interest at the maximum allowable interest rate; and

10.     That this Court award TTNA, as an equitable remedy, the costs and expenses reasonably necessary for TTNA to undertake a corrective advertising campaign to market and promote its nightclub and entertainment services and to re-establish to the public, particularly

consumers nightclub and entertainment services, that the service mark "BABY DOLLS" and all of the BABY DOLLS MARKS are exclusively associated with TTNA and not the Defendants.

11.     That this Court award TTNA such other and further relief, both general and special, at law or in equity, to which TTNA shows itself to be justly entitled and which this Court deems just, equitable and proper.


        Dated: June 9, 2014.                    Respectfully submitted,




                                        _____/s/ David W. Carstens_____
                                        David W. Carstens
                                        Texas State Bar No. 03906900
                                        William M. Imwalle
                                        Texas State Bar No. 24089935
                                        CARSTENS & CAHOON, LLP
                                        13760 Noel Rd., Suite 900
                                        Dallas, Texas  75240
                                        (972) 367-2001
                                        (972) 367-2002 Fax
                                        carstens@cclaw.com
                                        imwalle@cclaw.com
                                        **ATTORNEYS FOR PLAINTIFF TTNA, INC.**